State *v.* Rundlett.

## STATE *v.* RUNDLETT.

An indictment for selling spirituous liquors without license is not barred by the statute limiting prosecutions on penal statutes.

On trial of such an indictment it is not necessary to prove that the sale was made on the particular day alleged in the indictment.

INDICTMENT, alleging that the defendant, on the 15th day of November, 1853, not being a licensed taverner or retailer of spirits, sold one quart of spirituous liquor to Jonathan Tilton.

On trial it appeared that Tilton bought of the defendant one quart of brandy in March or April, 1852 : the particular time the witness could not recollect.

The defendant objected —

1. That the indictment was barred by the statute of limitations.

2. That the State should be confined to proof of a sale made on the 15th of November, 1853 ; that the time of sale was an ingredient of the offence, and should be proved as it was alleged.

The court overruled these objections, and a verdict of guilty was taken, subject to the opinion of the court.

*Hatch,* Solicitor for the State.

*Marston,* for the defendant.

PERLEY, C. J. In *Coburn* v. *Odell*, decided July, 1855, in this county, and reported since the argument in the present case, 10 Foster 540, it was decided that the provision of section 9, chapter 211, of the Revised Statutes, limiting suits and prosecutions on penal statutes, did not apply to an indictment for the illegal sale of spirituous liquors ; and we find no reason to question the correctness of that decision. And this in effect disposes of the other objection. The court would have power to relieve the defendant, if he was surprised by an offer to prove a sale on a day long distant from that alleged in the indictment ; but ordinarily the particular day alleged would, in the case of this as of most other crimes, be immaterial.

*Judgment on the verdict.*